[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 8, 2011
JOHN LEY
CLERK

No. 10-13312
Non-Argument Calendar

_____

D. C. Docket No. 1:09-cv-02019-TCB

ALEXANDER HARVIN,

Plaintiff-Appellant,

versus

HEALTHCARE FUNDING SOLUTIONS,
TRAUNER, COHEN & THOMAS,
GORDON C. TOMLINSON,
MICHAEL COHEN,

Defendant-Appellees,

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 8, 2011)

Before HULL, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Alexander Harvin, proceeding pro se, appeals the district court's order denying his Fed. R. Civ. P. 60(b) motion to reinstate his action against Healthcare Funding Solutions ("HFS"); Trauner, Cohen & Thomas; Gordon C. Tomlinson; and Michael Cohen ("defendants"). Harvin sued defendants for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-391, et. seq. After the parties agreed to settle, Harvin voluntarily dismissed his case before the district court. See Fed. R. Civ. P. 41(a)(1)(A)(ii). The parties stipulated that the dismissal was with prejudice. Harvin later asked the district court to reinstate his case, alleging that HFS fraudulently induced him to settle. The district court denied Harvin's motion. Harvin filed a motion for reconsideration, which the district court also denied. After thorough review, we affirm.

We review a district court's denial of a Rule 60(b) motion for abuse of discretion. Frederick v. Kirby Tankships, Inc. 205 F.3d 1277, 1287 (11th Cir. 2000). Rule 60(b) allows courts to "relieve a party . . . from a final judgment" for multiple reasons, including "fraud . . ., misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Relief under Rule 60(b)(3) requires clear and convincing evidence that: (1) "the adverse party obtained the verdict

2

through fraud, misrepresentation, or other misconduct" and (2) "the conduct prevented [the moving party] from fully presenting his case." Waddell v. Hendry Cnty. Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003).

Harvin argues that he is entitled to relief under Rule 60(b)(3) because HFS induced him to settle through fraud or misrepresentations. Specifically, he argues that HFS represented that, as a condition of the settlement, it would ask a credit bureau to delete information about an alleged outstanding debt tied to a specific account from Harvin's credit report. Harvin claims that HFS then intentionally listed the wrong account number in the settlement agreement. However, "conclusory averments of . . . fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud." Booker v. Dugger, 825 F.2d 281, 283 (11th Cir. 1987) (quotation marks omitted).

The district court did not abuse its discretion in denying Harvin's Rule 60(b) motion. Harvin offered mere conclusory allegations that HFS engaged in fraud. HFS purchased two accounts on which Harvin allegedly owed money, and the account number it inserted in the settlement agreement corresponded to one of those accounts. Harvin's complaint also referred to both account numbers. As the district court noted, the error could have been a mere oversight. HFS did not

3

conceal the contents of the settlement agreement from Harvin. Rather, the error was present in the final version of the settlement agreement that Harvin signed. Harvin provided no evidence that he was deprived of a chance to review the agreement before signing it. We thus conclude that Harvin failed to provide clear and convincing evidence that HFS engaged in fraud or made material misrepresentations to induce him to settle.

    AFFIRMED.